Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1017 | DATE | 8/25/2003 |
| CASE TITLE | Smith vs. GC Services | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants defendants' motion for summary judgment (15-1) and denies plaintiff's motion for summary judgment (11-1). Judgement is entered in favor of defendants.
(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| OR | courtroom deputy's initials |

AUG 27 2003 date docketed

U.S. DISTRICT COURT

03 AUG 26 AM 9:40

Date/time received in central Clerk's Office / mailing deputy initials

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CECIL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03 C 1017 |
| | ) | |
| GC SERVICES, L.P.; DLS ENTERPRISES, | ) | |
| INC.; and GC FINANCIAL CORP., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
AUG 27 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Cecil Smith received a form collection letter from GC Services, L.P. (GCS), seeking to collect on an unpaid education loan. Smith then filed suit against GCS and its general partners, DLS Enterprises Inc. and GC Financial Corp., for an alleged violation of the Fair Debt Collection Practices Act (FDCPA). The parties have filed cross-motions for summary judgment. For the reasons set forth below, the Court grants defendants' motion and denies Smith's motion.

### Background

Smith received an education loan from the Educational Credit Management Corporation (ECMC). GCS is a collection agency that regularly receives account information on delinquent education loans. DLS Enterprises, Inc. and GC Financial Corporation are general partners of GCS.

On December 4, 2002, GC Services, which had received Smith's account information from ECMC and had authority to collect on the debt, generated a form collection letter which it

sent to Smith. The letter bore the date December 04, 2002. The letter's heading included, in bold print several times larger than the letter's text, the phrase BALANCE DUE STATEMENT. It also contained a box entitled YOU OWE ECMC, and it listed: BALANCE DUE $5,720.06.*

The body of the letter read as follows:

> Dear Cecil Smith:
>
> Your account with Educational Credit Mgmt Corp (ECMC) has been referred to our firm form prompt collection activity.
>
> By this time you must realize that you are seriously delinquent.
>
> To avoid further collection activity, send payment in full in the enclosed envelope. Please include this letter to assure proper credit of your payment. Indicate your account number on your check or money order.
>
> Remit your balance in full or contact our office at 1-888-871-7322 (toll-free).

At the bottom of the letter, a footnote appeared which referred back to the asterisk that had followed the statement of the "BALANCE DUE." The footnote, which was in the same type face as the rest of the letter's text, stated as follows:

> *Note: Balance shown above may not include some accrued but unposted interest. Call 1-888-871-7322 or write to the above address for exact payout amount, as of the date you will be making payment.

The letter was the first that Smith received from GCS.

After receiving the letter, Smith filed this action. He alleges that the letter fails to state the "amount of the debt" as required by the FDCPA, 15 U.S.C. § 1692g(a)(1), because of the statement that the stated balance was not all-inclusive. Defendants contend that the letter

complies with the FDCPA because it states the amount hat GCS was authorized to collect as of the date of the letter.

As noted earlier, both sides have moved for summary judgment. Summary judgment is proper when the record demonstrates "that there is no genuine issue of any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The FDCPA provides that "within five days after the initial communication with a consumer in connection with the collection of any debt," a debt collector must provide the consumer with a written notice including, among other information, a statement of "the amount of the debt." 15 U.S.C. § 1692g(a)(1). These disclosures must be presented in a manner that would not confuse the "unsophisticated debtor." *See Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) (noting that "the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors"); *Jang v. A.M. Miller & Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997) (noting that alleged violations of the FDCPA must be examined from the standard of an "unsophisticated consumer"). An unsophisticated debtor is deemed to possess "rudimentary knowledge about the financial world" and "reasonable intelligence." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). *See also Gammon v. GC Serv. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (holding that the unsophisticated debtor standard protects "the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness"). In this case, both sides have relied exclusively on the text of the letter and

legal arguments; neither side has presented extrinsic evidence regarding what an unsophisticated consumer would or would not have understood in reading GCS's letter.

Our decision in this case turns on the application of *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). *Miller* involved a collection letter, sent by a law firm to a mortgage debtor, which stated only an "unpaid principal balance" and noted that

> this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures.

*Id.* at 875. The plaintiff argued that the letter failed to state the amount of the debt in violation of § 1692g(a)(1). The Seventh Circuit agreed. It stated that "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* Despite the difficulty of stating the total amount of the debt when interest is continuing to accrue, the court noted that what the collector "certainly could do was to state the total amount due – interest and other charges as well as principal – on the date the dunning letter was sent." *Id.* at 875-76. In short, the court concluded that because the letter disclosed only the principal amount due, and not additional amounts that the defendant knew as of the date of the letter – *e.g.*, accrued interest, expenses, and penalties – the letter did not state the amount of the debt. The court went on to create a "safe harbor" formulation for debt collectors to use:

> As of the date of this letter, you owe $\_\_\_\_ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write

the undersigned or call 1-800-[phone number].

*Id.* at 876. The court explained that although the safe harbor language is not required to comply with the FDCPA, its use would constitute compliance with the statute. *Id.*

GCS's letter to Smith was materially different from the one that the Seventh Circuit found wanting in *Miller*. First, the letter in *Miller* listed only the "unpaid principal balance"; it never advised the debtor of the total amount due as of the letter's date. In contrast, the GCS letter is clearly labeled as a "Balance Due Statement," and it lists a "Balance Due." Second, the *Miller* letter excluded all interest, fees, and charges beyond the principal. *Id.* In the GCS letter, the concluding footnote reveals only single open item – "accrued but unposted interest." This amount consists of future interest accruing prior to payment, a sum which cannot be determined at the time a collection letter is sent out absent knowledge of when the debtor will pay.[1] Unlike the letter in *Miller*, GCS's statement of the amount due excluded only a single, relatively insignificant item whose amount was unknown until the debtor chose to take action. And like the safe harbor language proposed in *Miller*, the letter advised Smith what he needed to do to determine the amount of unaccrued but unposted interest.

GCS's letter bore a date, December 4, 2002, and it identified the balance due. Though it did not state in so many words that the balance was the amount due as of December 4, 2002, it was clear, in context, that the amount stated was in fact the balance due as of the date of the letter. Even an unsophisticated debtor would understand this relatively elementary proposition.

---

[1] Presumably a collector can, for a non-variable rate debt, determine and list the amount of interest that will accrue per day until the debt is paid. However, Smith does not argue that this was required by the FDCPA in this case, and we have found no authority requiring a collector to include the specifics of future accruals in the statement of the amount due.

-5-

Under the circumstances, the disclosure of the balance due clearly represented "the amount of the debt" as the FDCPA requires. Unlike in *Miller*, the listed balance included all of the components of the debt that GCS was able to calculate as of the date of the letter, and the only amount not listed was likely to be relatively insignificant in comparison with the total amount due. *Miller* requires only a statement of the amount due as of the date of the letter. *Id.* at 875-76. The Court agrees with Judge Moran's conclusion in *Taylor v. Cavalry Investment, LLC*, 210 F. Supp. 2d 1001, 1003 (N.D. Ill. 2002), that a statement that interest will continue to accrue in the future "does not undermine the clarity of the total amounts provided at the time the letter was sent out." *See also Schletz v. Academy Collection Service, Inc.*, Nos. 02 C 6484, 02 C 695& 02 C 9391, 2003 WL 21196266, at *1 (N.D. Ill. May 15, 2003) (concluding that the "plain statement" of the balance due was "not undercut" by a concluding note indicating the possibility of future interest).

The Court acknowledges that the GCS letter did not include language identical to the safe harbor formula adopted in *Miller*. But as noted earlier, the Seventh Circuit made it clear that use of those words was not required to comply with the FDCPA. *Miller*, 214 F.3d at 876. *Accord, Schletz*, 2003 WL 21196266, at *2 (noting that "this Court does not understand our Court of Appeals to have prescribed that as the exclusive means by which the Act's requirements may be satisfied").

## Conclusion

For the reasons stated above, the Court grants defendants' motion for summary judgment [docket # 15-1] and denies plaintiff's motion for summary judgment [docket # 11-1]. The Clerk

is directed to enter judgment in favor of the defendants.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 25, 2003