Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1017 | **DATE** | 9/23/2003 |
| **CASE TITLE** | Smith vs. GC Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court grants plaintiff's motion for reconsideration (24-1). The judgment entered by the Court on 8/27/03 is vacated. The case is reinstated. A status hearing is set for 10/6/03 at 9:30 a.m. to address how the case should proceed from here.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 25 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 25 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CECIL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03 C 1017 |
| ) | |
| GC SERVICES, L.P.; DLS ENTERPRISES, ) | |
| INC.; and GC FINANCIAL CORP., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
SEP 2 5 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On August 25, 2003, the Court granted summary judgment in favor of defendants in this action under the Fair Debt Collection Practices Act. The Court's decision is reported at 2003 WL 22012229. Familiarity with that decision is assumed.

Plaintiff Cecil Smith has moved for reconsideration, arguing that the Court erred in interpreting the statement in defendant GC Services' dunning letter that the stated "balance due" might not include "accrued but unposted interest." We believed that the term referred to "future interest accruing prior to payment," which was likely to be an insignificant item. This belief was a material aspect of our conclusion that the letter correctly stated "the balance due as of the date of the letter."

Smith points out that the use of the term "accrued" ordinarily would be expected to refer not to future interest, but to interest that had *already* accrued. Upon further reflection, the Court agrees with Smith and therefore concludes that we made an unwarranted assumption in

interpreting the letter.

This does not, however, entitle Smith to entry of summary judgment in *his* favor. The parties offer two possibilities for what GC meant when it used the term "accrued but unposted interest." Smith argues that the term referred to interest that had accrued prior to the date of the letter which the debtor already owed but which was not included in the "balance due." GC argues that it referred not to interest that had accrued as of the date of the letter, but to interest that accrued between the time the letter was sent and its receipt by Smith. On the present record, we cannot say which (if either) of these possibilities is correct, as the parties have offered no evidence on the point. Nor are we in a position to determine whether the amount of "accrued but unposted interest" was at all significant in dollar terms. Without evidence on these points, the Court must conclude that genuine issues of material fact remain and that neither side is entitled to summary judgment. Smith is, however, entitled to an order vacating the entry of judgment against him.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for reconsideration [docket #24-1]. The judgment entered by the Court on August 27, 2003 is vacated. The case is reinstated. A status hearing is set for October 6, 2003 at 9:30 a.m. to address how the case should proceed from here.

MATTHEW F. KENNELLY
United States District Judge

Date: September 23, 2003